FILED
2021 JUL 6
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CLARA DIDERICKSEN,<br><br>Petitioner,<br><br>v.<br><br>DALLAS EARNSHAW; UTAH STATE HOSPITAL; BEAR RIVER MENTAL HEALTH,<br><br>Respondents. | **REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS (DOC. NO. 1)**<br><br>Case No. 2:18-cv-00218-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is pro se Petitioner Clara Didericksen's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition," Doc. No. 1). Although Ms. Didericksen filed her petition under § 2241, her claims more appropriately fall under 28 U.S.C. § 2254. For this reason, the court[1] provided notice to Ms. Didericksen that it intended to construe her petition as a § 2254 petition—unless Ms. Didericksen filed an objection to this recharacterization by June 4, 2021. (Order, Doc. No. 3.) In the alternative, the court invited Ms. Didericksen to supplement her petition such that established exhaustion of remedies and included all claims she might wish to raise under § 2254. (*Id.* at 3–4.) Ms. Didericksen filed no objections or supplements. Because Ms. Didericksen failed to establish she exhausted her state-court remedies,[2] the

---

[1] On March 23, 2021, the district judge referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2.)

[2] Pursuant to Local Rule DUCivR 7-1(f), the court finds oral argument unnecessary and makes

1

undersigned RECOMMENDS the district judge DENY Ms. Didericksen's Writ of Habeas Corpus, (Doc. No. 1), without prejudice.

## BACKGROUND

In her petition, Ms. Didericksen alleges she was wrongly committed, involuntarily, at the Utah State Hospital pursuant to a Utah State Court order. (Petition 2–3, Doc. No. 1.) Ms. Didericksen disputes any finding that she is mentally ill, poses a danger to herself or others, or is unable to make rational decisions. (*Id.* at 3.) She contends the belief that God talks to her is a religious belief, not an illness. (*Id.*) Ms. Didericksen argues there is no basis for her to be committed and the court erred in finding her involuntary commitment to be the least restrictive alternative. (*Id.* at 2–3, 8.) The petition Ms. Didericksen filed does not mention § 2254 and she indicates she is not pursuing a petition under 28 U.S.C. § 2255. (*Id.* at 4.) However, she challenges the court order committing her and the validity of her commitment. Ultimately, Ms. Didericksen asks this court to overturn her involuntary commitment and to release her from the Utah State Hospital. (*Id.* at 8.)

## ANALYSIS

Habeas corpus petitions brought under § 2241 differ from those brought under § 2254. A state prisoner's challenge to the *execution* of a sentence or commitment is properly brought under § 2241. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). However, a state prisoner must challenge the *legality* of her commitment under § 2254. *Id.* at 834. In other words, petitions under § 2241 "do[] not oppose the sentence or conviction itself," *Watson v. McCollum*, 772 F. App'x 675, 678 (10th Cir. 2019) (unpublished), whereas petitions under

---

its recommendation on the motion based on the written memoranda.

§ 2254 "attack the validity of a conviction and sentence," *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997).

Although Ms. Didericksen styles her filing as a § 2241 petition, she collaterally attacks the validity of her involuntary commitment. Specifically, she challenges the order committing her to Utah's Division of Mental Health based on the findings that she has a mental illness, poses a danger to herself and others, and is unable to engage in rational decision-making. (Petition 3, Doc. No. 1.) She also challenges the finding that no less restrictive alternative to commitment exists. (*Id.*) To instead challenge the execution of her commitment, Ms. Didericksen would need to argue, for example, that her commitment is legitimate but that she should be held elsewhere or treated differently. *See, e.g.*, *Watson*, 772 F. App'x at 678 (finding the argument that a life sentence for a juvenile offender deprives him of a meaningful chance of release to be an attack on the legality and validity of sentence, not its execution). There can be no real question Ms. Didericksen's challenges are to the legality of her commitment, not to its execution.

I.   Notice of Recharacterizing Ms. Didericksen's Petition

The ability to file a § 2254 claim is limited by statute. For instance, petitions must generally be filed within one year of the date of the judgment. 28 U.S.C. § 2244(d)(1)(A). The decisions of whether and when to bring a first petition are critical because second or successive petitions are strictly curtailed. *See id.* § 2244(b); *Davis*, 425 F.3d at 835. Because of the severe consequences a decision on a § 2254 petition has on the ability to file future petitions, courts must give pro se petitioners notice before recharacterizing a pleading as a § 2254 petition. *Davis*, 425 F.3d at 834–35. Specifically, the court must (1) "notify the *pro se* litigant that it intends to recharacterize the pleading"; (2) "warn the litigant that this recharacterization means that any subsequent . . . motion will be subject to the restrictions on 'second or successive'

3

motions"; and (3) give "the litigant an opportunity to withdraw the motion or to amend it so that it contains all the . . . claims [she] believes [she] has." *Id.* at 835 (quoting *Castro v. United States*, 540 U.S. 375, 383 (2003)).

In its order filed April 22, 2021, the court did exactly this, inviting Ms. Didericksen to object to the court's recharacterization of her petition—or to supplement it to establish exhaustion of remedies and include all claims she has under § 2254 by June 4, 2021. (Order, Doc. No. 3.) However, Ms. Didericksen did neither—by this date, or at any other time. Consequently, her petition is construed as one brought pursuant to § 2254 and the record is limited to what Ms. Didericksen originally submitted.

II.   <u>Ms. Didericksen Failed to Establish She Exhausted All State Court Remedies</u>

To bring a petition under § 2254, a petitioner typically must establish she has exhausted all state-court remedies. 28 U.S.C. § 2254(b); *Felvey v. Long*, 800 F. App'x 642, 645 (10th Cir. 2020) (unpublished). The petitioner's exhaustion requirement is satisfied by presenting the issue to the highest state court. *Felvey*, 800 F. App'x at 645. "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Id.* (internal quotation marks omitted).

Despite the court's invitation to supplement her filing to address this issue, Ms. Didericksen has failed to meet her burden to establish she satisfied the exhaustion requirement of § 2254(b). From her filing, it appears Ms. Didericksen requested a review hearing (*see* Doc. No. 1-1 at 1) and a reexamination of the order of commitment (*see* Doc. No. 1-1 at 16) before the trial court. However, she did not contend or even allege that she ever appealed the trial court's decision to an appellate court. And Ms. Didericksen does not argue any failure to exhaust her remedies is excused by either of the exceptions to the exhaustion requirement: the absence of an

available corrective process in the state, or circumstances rendering the corrective process ineffective to protect her rights.  *See* 28 U.S.C. § 2254(b)(1).  Accordingly Ms. Didericksen has not established she exhausted her claims—a necessary precondition to a review of the merits of her claims.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the district judge DENY the Petition (Doc. No. 1).  The undersigned further RECOMMENDS the denial be without prejudice, to allow Ms. Didericksen to pursue any remaining state-court remedies.

The court will send copies of this Report and Recommendation to Ms. Didericksen, who is notified of her right to object to it.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  Ms. Didericksen must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of July, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

5